**RUI AN LIN, also known as Lin, An, also known as Lin, Shui An, also known as, Luo Ting Ming, Petitioner,**

v.

**BOARD OF IMMIGRATION APPEALS, Respondent.**

**No. 04–1045–ag.**

United States Court of Appeals, Second Circuit.

June 9, 2006.

Gary J. Yerman, New York, NY, for Petitioner.

David C. Iglesias, United States Attorney, District of New Mexico, Laura Fashing, Assistant United States Attorney, Albuquerque, NM, for Respondent.

Present: JAMES L. OAKES, AMALYA L. KEARSE and DENNIS JACOBS, Circuit Judges.

**SUMMARY ORDER**

Rui An Lin, through counsel, petitions for review of a BIA decision denying his

motion to reconsider and reopen his removal proceedings. We assume the parties' familiarity with the underlying facts and procedural history.

This Court reviews the BIA's denial of a motion to reopen or reconsider for abuse of discretion. *See Kaur v. BIA,* 413 F.3d 232, 233 (2d Cir.2005) (per curiam); *Khouzam v. Ashcroft,* 361 F.3d 161, 165 (2d Cir.2004). An abuse of discretion may be found where the BIA's decision " 'provides no rational explanation, inexplicably departs from established policies, is devoid of any reasoning, or contains only summary or conclusory statements; that is to say, where the Board has acted in an arbitrary or capricious manner'." *Kaur,* 413 F.3d at 233–34; *Ke Zhen Zhao v. U.S. Dep't of Justice,* 265 F.3d 83, 93 (2d Cir. 2001).

To the extent that Lin's petition contests the BIA's decision denying his initial motion, this Court lacks jurisdiction to review. Lin's initial motion to reopen, which also contained the substance of a motion to reconsider, was denied by the BIA in July 2003; Lin's petition to this Court was filed on March 3, 2004, beyond the 30–day time limit for filing petitions for review under 8 U.S.C. § 1252(b)(1). *See* 8 U.S.C. § 1252(b)(1).

To the extent that Lin's petition contests the BIA's February 2004 decision denying his October 2003 "motion to reconsider to motion to reopen," the BIA did not abuse its discretion. In considering Lin's October 2003 motion as a motion to reopen, the BIA reasonably denied the motion as untimely and as exceeding the numerical limitations under 8 C.F.R. § 1003.2(c)(2). Lin's motion was his third motion to reopen, and he presented no documentation to demonstrate that the time and numerical exceptions to 8 C.F.R. § 1003.2(c)(2) under 8 C.F.R. § 1003.2(c)(3) would apply to his motion. In considering Lin's Octo-

ber 2003 motion as a motion reconsider, the BIA reasonably denied the motion pursuant to 8 C.F.R. § 1003.2(b)(2), inasmuch as the motion sought the reconsideration of the BIA's denial of Lin's previous motion to reconsider. "A party may file only one motion to reconsider any given decision and may not seek reconsideration of a decision denying a previous motion to reconsider." *Id.* Although Lin's October 2003 motion was filed within thirty days of the BIA's decision denying his previous motion to reopen, the BIA found that the previous motion was barred by both time and number restrictions under 8 C.F.R. § 1003.2(c)(2). Further, Lin's October 2003 motion merely repeated the same basic arguments that he made in his previous two motions before the BIA. *See Jin Ming Liu v. Gonzales,* 439 F.3d 109, 111 (2d Cir.2006).

For the foregoing reasons, the petition for review is DENIED. Our review having been completed, Lin's pending motion for a stay of removal in this petition is DENIED as moot. Any pending request for oral argument of this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1). The mandate shall issue forthwith.